IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORVADE PORTER, | ) | CASE NO. 1:14-cv-00327 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| JASON BUNTING, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Corvade Porter ("Porter"), challenges the constitutionality of his conviction in the case of *State v. Porter*, Cuyahoga County Court of Common Pleas Case No. CR-2008-506633-A. Porter, *pro se*, filed a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on February 7, 2014.[1] On April 14, 2014, Warden Jason Bunting ("Respondent") filed a Motion to Dismiss the habeas petition as time-barred. (ECF No. 7.) Porter filed a response and supplemental response. (ECF Nos. 12 & 13.) For reasons set forth in detail below, it is recommended that Porter's petition be DISMISSED as time barred.

---

[1] This date is the day Porter asserts he placed his petition in the prison mailing system. (ECF No. 1 at 16.) The petition was received and filed by the Court on February 14, 2014.

### I. Procedural History

**A.  Conviction**

During its January 2008 term, a Cuyahoga County Grand Jury charged Porter with two counts of felonious assault in violation of Ohio Revised Code ("O.R.C.") § 2903.11(A)(2) together with one and three year firearm specifications, and one count of having a weapon while under disability in violation of O.R.C. § 2923.12(A)(3).  (ECF. No. 7-1, Exh. 1.)

On April 18, 2008, a jury found Porter guilty of both counts of felonious assault as well as the firearm specifications. (ECF No. 7-1, Exh. 7.)  The trial court also found Porter guilty of having a weapon while under disability.[2]  *Id*.  On May 22, 2008, the trial court sentenced Porter to three years each on the felonious assault charges to be served concurrently.  (ECF No. 7-1, Exh. 8.)  Porter was also sentenced to three years for the firearm specification and one year for having a weapon while under disability to be served consecutively to the other counts, for an aggregate term of seven years.  *Id*.

**B.  Direct Appeal**

On June 5, 2008, Porter, through new counsel, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court").  (ECF No. 7-1, Exh. 9.)

On July 20, 2009, Porter's sole assignment of error was overruled, but the state appellate court remanded the matter *sua sponte* for resentencing to specify which felonious assault conviction merged into the other.  (ECF No. 7-1, Exh. 14.)

On September 11, 2009, the trial court held a resentencing hearing.  (ECF No. 7-1, Exh.

---

[2]  Prior to trial, Porter waived his right to a jury trial with respect to the weapon under disability charge. (ECF No. 7-1, Exhs. 5 & 6.)

15.) Count Two of felonious assault was merged into Count One. *Id*. The trial court sentenced Porter to four years in prison for the felonious assault conviction in Count One and three years for the associated firearm specification; the sentence for the firearm specification was ordered to be served prior to and consecutive with the sentence on the base charge. *Id*. The trial court also sentenced Porter to one year in prison for Count Three, to run concurrent to Count One, resulting in an aggregate prison term of seven years. *Id*.

On October 8, 2009, Porter, through counsel, filed a Notice of Appeal from the resentencing and raised the following assignments of error before the state appellate court:

1. Appellant was denied effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the Constitution when his attorney failed to adequately represent him at the time of sentencing.

2. The trial court abused its discretion in sentencing the Appellant to seven years incarceration, in violation of the purposes and principles of the felony sentencing guidelines.

3. Appellant was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution when the resentencing court imposed a harsher sentence upon remand.

(ECF No. 7-1, Exhs. 16 & 17.)

On September 23, 2010, Porter's assignments of error were overruled and the judgment and sentence were affirmed. (ECF No. 7-1, Exh. 19.)

Porter did not file an appeal with the Supreme Court of Ohio.

**C. Application to Reopen Appeal**

On June 1, 2011, Porter filed an affidavit alleging that appellate counsel was ineffective. (ECF No. 7-1, Exh. 20.) Thereafter, on August 19, 2011, Porter, *pro se*, filed an Application to

-3-

Reopen his appeal pursuant to Ohio Appellate Rule 26(B). (ECF No. 7-1, Exh. 21.)

On November 4, 2011, the state appellate court denied the application to reopen as untimely, further finding that Porter failed to establish good cause for his untimeliness.[3] *State v. Porter*, 2011-Ohio-5819, 2011 Ohio App. LEXIS 4728 (Ohio Ct. App., Nov. 4, 2011).

Porter did not timely appeal this judgment to the Ohio Supreme Court.

## D. Delayed Appeals to the Supreme Court of Ohio

On February 9, 2012, Porter, *pro se*, filed a Notice of Appeal and a Motion for Leave to File a Delayed Appeal with the Supreme Court of Ohio. (ECF No. 7-1, Exhs. 26 & 27.) Therein, Porter asserted that he was appealing a decision entered on "1-23-12," though no decision was rendered on or near that date. (ECF No. 7-1, Exh. 26.) However, Porter attached a copy of the state appellate court's September 23, 2010 direct appeal decision to his motion for leave. (ECF No. 7-1, Exh. 27.)

On April 18, 2012, Porter's motion for leave to file a delayed appeal was denied and the case dismissed. (ECF No. 7-1, Exh. 28.)

On May 15, 2013, Porter, *pro se*, filed a second Notice of Appeal and Motion for Leave to File a Delayed Appeal with the Supreme Court of Ohio indicating that he was seeking to appeal the state appellate court's decision of September 2010. (ECF No. 7-1, Exhs. 29 & 30.)

On July 24, 2013, Porter's motion for leave to file a delayed appeal was denied and the case dismissed. (ECF No. 7-1, Exh. 31.)[4]

---

[3] Pursuant to Ohio Appellate Rule 26(B)(1), an application for reopening must be filed within ninety days from the journalization of the appellate court's judgment.

[4] Porter also filed numerous post-conviction motions and petitions between May 2, 2012 and September 7, 2012 – all of which were denied. (ECF No. 7-1, Exhs. 32 - 40.)

**E.     Federal Habeas Petition**

On February 7, 2014, Porter filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: Allied offenses.
>
> Supporting Facts: The Eighth District Court of Appeals remanded the record back to the trial court for correction pursuant to App.R. 9(E) due to the trial court's failure to issue a separate sentencing disposition for each count in case number CR-08-506633-A.
>
> GROUND TWO: Ineffective Assistance
>
> Supporting Facts: I was deprived of a fair trial.  My attorney denied me of my rights to legal representation?  My rights to be prepared for trial by counsel was denied.  My attorney never came to see me before court.
>
> GROUND THREE: Due-Process rights to be present in court.
>
> Supporting Facts: On 2-26-08 the court was having pre-trial, but I was not there to request or denie [sic] for a continuance.  My attorney never came to see me or get a statement.  On 3-5-08 pre-trial held and I was not there counsel requested a continuance at my request.  I never requested or was never in court at pre-trial on 3-12-08 pre-trial held I was not there.

(ECF No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

---

These filings had no effect on the statute of limitations, which had already expired.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.    One-Year Limitation**

In the instant action, Respondent asserts that Porter's petition is time-barred because he did not file within the one-year limitations period. (ECF No. 7.) Porter's conviction became final on November 8, 2010, forty-five (45) days after the state appellate court denied his appeal and the time to file a timely notice of appeal with the Supreme Court of Ohio expired.[5]

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)."

---

[5] November 7, 2010 was the last day Porter could have filed a timely appeal with the Supreme Court of Ohio pursuant to Ohio S.Ct. Prac. R. 2.2 (2010). Thus, his conviction became final the next day. The Ohio Supreme Court's practice rules were recently revised and the provision governing the timeliness of appeals was moved to Ohio S.Ct. Prac. R. 7.01, but the 45 day deadline remains unchanged.

*Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Because Porter's conviction became final on November 8, 2010, his habeas petition had to be filed no later than Monday, November 7, 2011. Even utilizing February 7, 2014, when Porter

-7-

ostensibly signed his habeas petition as the date of filing, his petition was submitted over two years after the statute of limitations expired. Although Porter filed a motion to reopen his appeal on June 1, 2011, the state appellate court deemed that filing as untimely on November 4, 2011. *Porter*, 2011-Ohio-5819 at ¶3. No tolling resulted during the time this application was pending, as post-conviction or collateral petitions rejected by the state court as untimely are not "properly filed" within the meaning of the AEDPA. In addition, Porter's delayed appeals before the Ohio Supreme Court and other post-conviction filings all occurred after November 7, 2011 – the day the statute of limitations expired. Because state court filings that post-date the expiration of AEDPA's statute of limitations do not revive the statute of limitations, Porter's later filings simply had no effect.

Therefore, unless equitable tolling is appropriate or Porter is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B.   Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Porter has not argued that the factual predicate of his claims could not have been discovered until a later date. (ECF Nos. 12 & 13.) Furthermore, such an argument would be unreasonable in light of Porter's grounds for relief. He argues that two of his convictions were allied offenses, that trial counsel was ineffective, and that he was not present during certain pretrial hearings. (ECF No. 1.) The factual predicates of these claims were all immediately known or discoverable by Porter no later than the time his appeal after resentencing was denied. As such, there is no reasonable basis

-8-

for suggesting that a later start date is justified.

**C.  Equitable Tolling**

Finally, the Court finds that equitable tolling is not appropriate.  Porter did not expressly raise a tolling argument in his Traverse.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable).  In order to be entitled to equitable tolling, Porter must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights."  *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).

Porter does make a vague assertion that he was diligently pursuing his rights, but was proceeding without the benefit of counsel.  (ECF No. 12 at 4, 7.)  Nonetheless, over two years elapsed before he filed the instant petition.  In *Thomas v. Romanowski*, 362 Fed. Appx. 452, 455 (6th Cir. 2010), the Sixth Circuit declined to give the benefit of equitable tolling where more than three years elapsed between the dismissal of a petitioner's first habeas petition, which was withdrawn, and the filing of a subsequent petition.  Despite petitioner's *pro se* status, the *Thomas* court noted that "[a]lthough it took Thomas roughly four months to return to state court ... the assorted other delays for which Thomas must take responsibility add up to well more than a year.  That Thomas navigated an admittedly complicated and changing area of law alone, without the help of counsel, does not change our conclusion."  *Id*. (*citing Graham-Humphreys v. Memphis*

*Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (remarking that "even a *pro se* litigant ... is required to follow the law" in denying a plaintiff equitable tolling).

Nonetheless, even if the Court were to construe Porter's actions as illustrative of diligence, he must also show that some extraordinary circumstance stood in his way. Porter has made no such showing. In *Thomas*, the Sixth Circuit concluded that "[i]t is difficult to say 'extraordinary circumstances' blocked Thomas from meeting the deadline when so much of the delay was attributable to his actions and to his actions alone." 362 Fed. App'x at 455. Porter has not identified any bar to his timely filing save for his general ignorance of the law. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("ignorance of the law alone is not sufficient to warrant equitable tolling."); *accord Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Allen v. Bell*, 250 Fed. Appx. 713, 716 (6th Cir. 2007); *Thomas*, 362 Fed. Appx. at 455. Though Porter may have been confused or even frustrated, "[t]he exercise of reasonable diligence is an ongoing process." *United States v. Denny*, 2012 U.S. App. LEXIS 20020 at *11 (10th Cir. Sept. 24, 2012). Furthermore, Porter's *pro se* status alone is insufficient to excuse his untimeliness as most habeas petitioners are without counsel. To find otherwise would result in equitable tolling becoming the norm rather than the exception.[6] As such, the Court cannot find that Porter was diligent or that any

---

[6] "Given that the vast majority of prisoners could, like [petitioner] does before us, allege ignorance of the law until an illuminating conversation with an attorney or fellow prisoner, [petitioner's] alternative construction—that legal norms constitute 'facts' for [statute of limitations] purposes—would in effect write the statute of limitations out . . ., rendering it a nullity. This we will not do." *Chattams v. Rossi*, 2012 U.S. Dist. LEXIS 132188 at **19-20 (S.D. Ohio, Sept. 17, 2012) (*quoting U.S. v. Pollard*, 416 F.3d 48, 55, 367 U.S. App. D.C. 386 (D.C. Cir. 2005); *cf. Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (rejecting the 28 U.S.C. § 2254 habeas petitioner's argument that the statute of limitations begins to run 'when a prisoner actually understands what legal theories are available').

"extraordinary circumstance" prevented him from meeting the filing requirements.

Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

### D. Actual Innocence

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931. The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

Here, Porter has not argued that he is actually innocent.

### III. Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ *Greg White*
U.S. Magistrate Judge

Date: October 16, 2014

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**