IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CORVADE PORTER,** | ) | **CASE NO. 1:14 CV 00327** |
| Petitioner, | ) | **JUDGE DONALD C. NUGENT** |
| v. | ) | **MEMORANDUM OPINION** |
| **JASON BUNTING, Warden,** | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Greg White. (Docket #14.) The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner, Corvade Porter be dismissed. (Docket # 1.)

### Procedural History

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

I. Conviction

During its January 2008 term, a Cuyahoga County Grand Jury charged Porter with two counts of felonious assault in violation of Ohio Revised Code ("O.R.C.") §2903.11(A)(2) together with one and three year firearm specifications, and one count of having a weapon while under disability in violation of O.R.C. § 2923.12(A)(3). (Docket #7-1, Exh. 1.)

On April 18, 2008, a jury found Porter guilty of both counts of felonious assault as well as the firearm specifications. (Docket # 7-1, Exh. 7.) The trial court also found

Porter guilty of having a weapon while under disability. *Id.* On May 22, 2008, the trial court sentenced Porter to three years each on the felonious assault charges to be served concurrently. (Docket #7-1,Exh. 8.) Porter was also sentenced to three years for the firearm specification and one year for having a weapon while under disability to be served consecutively to the other counts, for an aggregate term of seven years. *Id.*

## 2. Appeals

On June 5, 2008, Porter, through new counsel filed an Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court"). (Docket #7-1, Exh. 9.)

On July 20, 2009, Porter's sole assignment of error was overruled, but the state appellate court remanded the matter *sua sponte* for resentencing to specify which felonious assault conviction merged into the other. (Docket #7-1, Exh. 14.)

On September 11, 2009, the trial court held a resentencing hearing. (Docket # 7-1, Exh. 15.) Count Two of felonious assault was merged into Count One. The trial court sentenced Porter to four years in prison for the felonious assault conviction in Count One and three years for the associated firearm specification; the sentence for the firearm specification was ordered to be served prior to and consecutive with the sentence on the base charge. *Id.* The trial court also sentenced Porter to one year in prison for Count Three, to run concurrent to Count One, resulting in an aggregate prison term of seven years. *Id.*

On October 8, 2009, Porter, through counsel, filed a Notice of Appeal from the resentencing and raised the following assignments of error before the state appellate court:

> 1. Appellant was denied effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the Constitution when his attorney failed to adequately represent him at the time of sentencing.
>
> 2. The trial court abused its discretion in sentencing the Appellant to seven years incarceration, in violation of the purposes and principles of the felony sentencing guidelines.
>
> 3. Appellant was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution when the resentencing court imposed a harsher sentence upon remand.

(Docket #7-1, Exhs. 16 & 17.)

On September 23, 2010, Porter's assignments of error were overruled and the judgment and sentence were affirmed. (Docket # 7-1, Exh. 19.)

Porter did not file an appeal with the Supreme Court of Ohio.

On June 1, 2011, Porter filed an affidavit alleging that appellate counsel was ineffective. (Docket # 7-1, Exh. 20.) Thereafter, on August 19, 2011, Porter, *pro se*, filed an application to Reopen his appeal pursuant to Ohio Appellate Rule 26(B). (Docket # 7-1, Exh. 21.)

On November 4, 2011, the state appellate court denied the application to reopen as untimely, further finding that Porter failed to establish good cause for his untimeliness.

Porter did not timely appeal this judgment to the Ohio Supreme Court.

On February 9, 2012, Porter, *pro se*, filed a Notice of Appeal and a Motion for Leave to File a Delayed Appeal with the Supreme Court of Ohio. (Docket # 7-1, Exhs. 26 & 27.) Therein, Porter asserted that he was appealing a decision entered on "1-23-12," though no decision was rendered on or near that date. (Docket # 7-1, Exh. 26.) However, Porter attached a copy of the state appellate court's September 23, 2010 direct appeal decision to his motion for leave.

On April 18, 2012, Porter's motion for leave to file a delayed appeal was denied and the case dismissed (Docket #7-1, Exh. 28.)

On May 15, 2013, Porter, *pro se*, filed a second Notice of Appeal and Motion for Leave to File a Delayed Appeal with the Supreme Court of Ohio indicating that he was seeking to appeal the state appellate court's decision of September 2010. (Docket # 7-1, Exhs. 29 & 30.)

On July 24, 2013, Porter's motion for leave to file a delayed appeal was denied and the case dismissed. (Docket # 7-1, Exh. 31.)

> On February 7, 2014, Porter filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:
>
> GROUND ONE: Allied offenses.
>
> Supporting Facts: The Eighth District Court of Appeals remanded the record back to the trial court for correction pursuant to App.R. 9(E) due to the trial court's failure to issue a separate sentencing disposition for each count in case number CR-08-506633-A.
>
> GROUND TWO: Ineffective Assistance
>
> Supporting Facts: I was deprived of a fair trial. My attorney denied me of my rights to legal representation? My rights to be prepared for trial by counsel was denied. My attorney never came to see me before court.
>
> GROUND THREE: Due-Process rights to be present in court.
>
> Supporting Facts: On 2-26-08 the court was having pre-trial, but I was not there to request or denie [sic] for a continuance. My attorney never came to see me or

get a statement. On 3-5-08 pre-trial held and I was not there counsel requested a continuance at my request. I never requested or was never in court at pre-trial on 3-12-08 pre-trial held I was not there.

(Docket #1.)

### Report and Recommendation

On October 16, 2014, the Magistrate Judge issued his Report and Recommendation. (Docket # 12.) The Magistrate Judge recommends the Petition be dismissed as untimely. The Magistrate Judge correctly determined that the one year statute of limitations began to run on November 8, 2010, forty-five (45) days after the state appellate court denied his appeal and the time to file a timely notice of appeal with the Supreme Court of Ohio expired. As a result, Petitioner's habeas petition had to be filed no later than November 7, 2011. The Magistrate Judge concluded that there was no justification for tolling the statute of limitations during this period.

No objections were filed to the Report and Recommendation.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only review of reports to which objections have been

made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

## Conclusion

This Court has carefully reviewed the Magistrate Judge's Report and Recommendation. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Report and Recommendation (Docket #14) is ADOPTED.

The Petition for Writ of Habeas Corpus filed by Corvade Porter pursuant to 28 U.S.C. § 2254 (Docket #1) is hereby DISMISSED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition

or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *November 7, 2014*